Francis L. Bosco, Esq. Assistant Town Attorney, Brookhaven
You informed us that your town has adopted regulations relating to fire safety in places of public assembly and also has adopted the National Fire Protection Association model code which includes standards for fire safety in places of public assembly. In light of the adoption of Article 18-AA of the Executive Law (L 1981, ch 707), establishing State standards for fire safety in areas of public assembly, you ask whether these State standards or your town's locally adopted regulations apply.
The general purpose of Article 18-AA is to provide a means to reduce the risk posed by fire to users and patrons of new and existing areas of public assembly (Executive Law, § 399-a). It is the responsibility of the Secretary of State, with the advice of the State Fire Administrator, to promulgate standards to implement the provisions of Article 18-AA (id., § 399-e). Such rules must include a procedure whereby the requirements of Article 18-AA may be varied or modified in cases where strict compliance would entail practical difficulties, unnecessary hardship or would otherwise be unwarranted (ibid.). These regulations have been adopted as Part 430 of Title 19 of the New York Code of Rules and Regulations and provide in part that the requirements of Part 430:
 "are in addition to, and not in derogation of, local rules and regulations pertaining to areas of public assembly.
 "* * * Where strict compliance with the requirements of this Part within a local government would entail widespread practical difficulties or unnecessary hardship, and where local rules and regulations in force within such local government are substantially equivalent to the requirements of this Part, the Secretary of State shall have the power to vary these requirements by approving in their stead said local regulations as prescribing equally safe and proper alternatives. Application to the Secretary for the exercise of this power shall be made in writing by the chief executive officer or, if there is none, the chief administrative body or board of such local government particularly describing the provisions and circumstances which give rise to the request." (19 NYCRR, §§ 430.7 and 430.8.)
Under these rules where local provisions (including those in a locally adopted model code) regulate subjects also regulated by Part 430, but in a different manner, such local regulations can apply only if the Secretary of State grants a variance, upon a finding that the Part 430 requirements would entail widespread practical difficulties or unnecessary hardship if applied within the local government and that the local regulations are equally safe and proper alternatives. However, local provisions regulating subjects left unregulated by the State code have not been preempted, and may become effective without the necessity for a variance.
You also ask which standards would apply to existing structures and to buildings to be constructed. The standards established by Article 18-AA apply to those areas of public assembly where construction or renovation is commenced on or after April 1, 1982 (Executive Law, § 399-c[2]; 19 NYCRR § 430.11). Where construction or renovation began prior to April 1, 1982, the standards established by Article 18-AA must be met on or before January 1, 1985 (id., § 399-c[3]).
You note that your town has adopted the State Building Construction Code, which you believe includes regulations applicable to places of public assembly. If you believe there are inconsistencies between the provisions of the State Building Construction Code and the fire safety standards established by Article 18-AA, we recommend that you bring the specifics to the attention of the Office of Fire Prevention and Control in the Department of State, since that Department has responsibility for promulgating the fire safety standards for areas of public assembly.
We conclude that where strict compliance with State standards for fire safety in areas of public assembly would entail widespread practical difficulties or unnecessary hardship, the Secretary of State is authorized to vary these requirements by approving in their place locally adopted regulations that are equally safe and proper alternatives. The State standards have not preempted local regulation of subjects not regulated by the State code.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.